UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J.M. | CIVIL ACTION |
| VERSUS | NO. 14-79 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "H" |

### ORDER AND REASONS

Before the Court are cross motions for summary judgment (R. Docs. 16, 18), the Magistrate Judge's Report and Recommendation on the resolution of these motions (R. Doc. 21), and Plaintiff's objections thereto. This Court declines to adopt the Report and Recommendations. For the following reasons, Plaintiff's Motion is GRANTED, the ALJ's decision is REVERSED, and Plaintiff's claim is REMANDED to the Commissioner of Social Security for further consideration in accordance with this opinion. Defendant's Motion is DENIED.

### BACKGROUND

Plaintiff, a minor child, filed an application for supplemental security

1

income ("SSI") on April 26, 2011, alleging a disability onset date of July 1, 2010.[1] Plaintiff alleges disability due to attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning.[2] Plaintiff, born on September 5, 2004, was five years old on the date on which he alleged disability and eight years old at the time of the final administrative decision.[3] Plaintiff has no past work experience.

Defendant, the Commissioner of Social Security, initially denied Plaintiff's application on August 12, 2011.[4] Plaintiff sought an administrative hearing, which Defendant held on May 30, 2012.[5] Plaintiff and his mother testified at the hearing. On October 26, 2012, the administrative law judge ("ALJ") issued a decision in which she found that Plaintiff had not been disabled through the date of the decision.[6] In the decision, the ALJ concluded that Plaintiff has the severe impairments of ADHD and borderline intellectual functioning.[7] She found that, as a school-age child, Plaintiff had not engaged in substantial gainful activity.[8] The ALJ then held that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

---

[1] Adm. Rec. at 13, 82–87.
[2] *Id.* at 46.
[3] *Id.*
[4] *Id.* at 13, 55–58.
[5] *Id.* at 30–44.
[6] *Id.* at 13–26.
[7] *Id.* at 16.
[8] *Id.*

impairments under the regulations.[9] Lastly, she concluded that Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of any listing.[10]

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled.[11] On November 7, 2013, the Appeals Council denied Plaintiff's request.[12] Plaintiff then timely filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for SSI under Title XVI of the Social Security Act ("SSA").

## STANDARD OF REVIEW AND APPLICABLE LAW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.[13] If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.[14]

"Substantial evidence" is that which is relevant and sufficient for a

---

[9] *Id.*

[10] *Id.*

[11] *Id.* at 6–7.

[12] *Id.* at 1–5.

[13] *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991).

[14] *Martinez*, 64 F.3d at 173.

reasonable mind to accept as adequate to support a conclusion.[15]  It is more than a scintilla but may be less than a preponderance.[16]  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.[17]  A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.[18]  The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[19]  Conflicts in the evidence are for the Commissioner to resolve, not the courts.[20]  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.[21]  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.[22]

Plaintiff's Objections correctly noted that in his Report and Recommendation the magistrate judge cited the analysis for the determination

---

[15] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

[16] *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

[17] *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

[18] *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360.

[19] *See Arkansas v. Oklahoma*, 503 U.S. 91, 112–13 (1992).

[20] *Carey*, 230 F.3d at 135.

[21] *Ripley*, 67 F.3d at 555.

[22] *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

of disability for an adult, rather than a child as is required in this case. The record reveals, however, that the ALJ applied the appropriate analysis, and the magistrate judge's error was therefore harmless. The appropriate analysis is as follows. An individual under the age of 18, like Plaintiff, is considered disabled if that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[23] A three-step analysis is used to evaluate claims for SSI benefits for children: "(1) Is the claimant engaged in substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the claimant's impairment meet, medically equal, or functionally equal in severity a listed impairment in Appendix 1?"[24] To determine whether the claimant's impairment is functionally equivalent to a listed impairment, the Commissioner will consider how the claimant functions in terms of six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for one's self, and (6) health and physical well-being.[25] A claimant's impairments functionally equal the listings if they are of listing-level severity.[26] Impairments are of listing-level severity if the claimant has marked limitations in two domains, or an extreme

---

[23] 42 U.S.C. § 1382c(a)(3)(C)(I).

[24] *Dunn ex rel. K.D. v. Colvin*, No. 13-408-JJB, 2015 WL 1476806, at *2 (M.D. La. Mar. 31, 2015); 20 C.F.R. § 416.924(a)–(d).

[25] 20 C.F.R. § 416.926a(b)(1)(I)–(vi).

[26] 20 C.F.R. § 416.926a(d).

limitation in one domain.[27] Limitation in a domain is "marked" when the claimant's "impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities."[28] "Extreme" limitations in a domain occur when a claimant's "impairment(s) interferes very seriously with [his] ability to independently initiate, sustain, or complete activities."[29]

## LAW AND ANALYSIS

Plaintiff raises two issues in this appeal of the ALJ's decision to deny SSI. First, Plaintiff argues that the ALJ erred when she failed to assign controlling weight to Plaintiff's treating physician or give good cause why controlling weight was not appropriate. Second, Plaintiff argues that there is not substantial evidence to support the ALJ's conclusion that Plaintiff does not meet or medically equal any listing.

In his Motion for Summary Judgment, Plaintiff argued that the ALJ should have given controlling weight to the opinion of his treating physician, Lolita Gonzales, M.D., who saw Plaintiff on approximately four occasions. Plaintiff contended that the opinion of Gonzales, which stated that Plaintiff has a marked limitation in acquiring and using information and attending to and completing tasks, is consistent with the reports of other physicians and the testimony of Plaintiff's mother. Gonzales offered this opinion on a check-box form at the request of Plaintiff more than a month after the ALJ issued her

---

[27] *Id.*

[28] 20 C.F.R. § 416.926a(e)(2)(i).

[29] 20 C.F.R. § 416.926a(e)(3)(i).

decision. The Appeals Council evidently considered the form and made it a part of the record but ultimately determined, without explanation, that it did not provide a basis for reversing the ALJ's decision. The Appeals Council is required to review new evidence presented by the claimant if it relates to the period on or before the ALJ review.[30] The Appeals Council "will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."[31]

The Fifth Circuit has "long held that ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability."[32] However, "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions [that the Fifth Circuit has recognized] include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."[33]

In his Report and Recommendation, the magistrate judge opined that the text of the Appeals Council's decision made it clear that it had considered Gonzales's form opinion when it decided that the ALJ's decision was supported by the record. The magistrate judge stated that Gonzales's check-the-box form

---

[30] 20 C.F.R. § 404.970.

[31] *Id.*

[32] *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *Ramirez v. Colvin*, No. 14-20563, 2015 WL 1607346, at *4 (5th Cir. Apr. 10, 2015).

[33] *Greenspan*, 38 F.3d at 237.

was a conclusory statement and was thus entitled to little weight.[34] In his objections to the Report and Recommendations, however, Plaintiff correctly argues that neither the ALJ nor the Appeals Council gave good cause for failing to give considerable weight to the treating physician's opinion. Plaintiff argued that "it is not within the Magistrate Judge's scope of review to provide this good cause reason where the ALJ has provided none."[35] This Court agrees.

The Fifth Circuit has stated that an "ALJ cannot reject a medical opinion without an explanation."[36] "SSA Regulations provide that the SSA 'will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion'"[37] The SSA Regulations list the following factors that an ALJ must consider in determining whether to give a treating physician's opinion less than controlling weight: the length and frequency of treatment; the nature and extent of treatment; the amount of evidence and explanation supporting the opinion; and the physician's specialization. The Fifth Circuit has held that an "ALJ is required to consider each of [these] factors before declining to give any weight to the opinions of the claimant's treating specialist."[38] Neither the ALJ nor the Appeals Council considered these factors in this matter, yet neither gave weight to the treating physician's opinion.

Accordingly, the Appeals Council, the ALJ, and the Commissioner have

---

[34] R. Doc. 21, p. 8.

[35] R. Doc. 22-1, p. 5.

[36] *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000).

[37] *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) (quoting 20 C.F.R § 404.1527(c)(2)).

[38] *Id.*

committed reversible error by failing to give considerable weight to the medical reports and opinions of Plaintiff's treating physician or provide good cause why such weight was not given.[39]  On remand, the ALJ should discuss what weight Gonzales's opinion deserves in light of the factors discussed above.  Of note, this Court makes no findings as to whether Gonzales's opinion is entitled to controlling weight or how its consideration will affect the ALJ's ultimate denial of benefits.  It merely holds that the ALJ and the Appeals Council erred in failing to give Plaintiff a carefully considered reason for declining to give weight to his treating physician's opinion.  Without such a determination, this Court cannot decide if the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED, the ALJ's decision is REVERSED, and this matter is REMANDED to the Commissioner for further consideration consistent with this opinion.  Defendant's Motion is DENIED.

New Orleans, Louisiana, this 29th day of June, 2015.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[39] *Loza*, 219 F.3d at 395.