UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J.M. | CIVIL ACTION |
| VERSUS | NUMBER 14-79 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "H" (3) |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA") [Doc. #26] filed by plaintiff, J.M. 28 U.S.C. § 2412.[1] The motion is unopposed. For the reasons stated below, it is RECOMMENDED that the motion be GRANTED IN PART, in that the Commissioner is ordered to pay attorney's fees to plaintiff – not plaintiff's counsel – in the amount of $4,725.00 (27 hours at $175.00 per hour).[2]

**I.    The EAJA and Number of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) – such as occurred here by order of the District Court [Doc. #24]

---

[1]    The District Court referred the motion to this Court. [Doc. #28].

[2]    Plaintiff does not seek costs in her petition.

– qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

Plaintiff asks the Court for an award of $4,725.00 in attorney's fees under the EAJA for 27 hours of work performed at a rate of $175.00 per hour. The government has not opposed the motion.

**II.     Hourly Rate**

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $175.00. For the following reasons, the Court finds that such an hourly rate is appropriate under the EAJA in this district. Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district and within this state have often declined to award EAJA fees in excess of $125 per hour. *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the

act); *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same).

Only recently has this federal court awarded an hourly rate higher than $125. *See Dubois v. Soc. Sec. Admin.*, Civ. A. No. 13-2438, 2014 WL 6485639 (E.D. La. Nov. 18, 2014) (awarding hourly rate of $175 under the EAJA); *Thibodeaux v. Astrue*, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) (awarding hourly rate of $160 under the EAJA); *Ramos v. Astrue,* Civ. A. No. 11-1457, 2012 WL 3637868, *2 (E.D. La. Aug. 23, 2012) (awarding hourly rate of $150 under the EAJA); *Williams v. Astrue*, 2011 WL 5417116 (E.D. La. Oct. 14, 2011) (awarding hourly rate of $160.00 under the EAJA); *Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (same).

When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77. According to the Court's calculation, the cost

of living in this area increased approximately 52.9 per cent between March 1996, when Congress implemented the $125 cap, and September 2014, the mid-point of the year during which the majority of the instant services were rendered. *See, e.g., Richards v. Astrue*, Civ. A. No. 07-1020, 2008 WL 4544374 (W.D. La. Oct. 7, 2008) (noting that claimant argued that Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).[3] This change is not insignificant. Increasing the $125 statutory cap by 52.9 per cent would result in an hourly rate of approximately $191.10. Absent other circumstances, however, the original $125 per hour reflected the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $191.10 contemplates the maximum rate that could be awarded today. *Baker*, 839 F.2d at 1084 (holding that increased rate may never exceed the percentage by which the market rate increased since statute enacted).

After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court will accept the hourly rate of $175.00 per hour for this EAJA petition and those filed in the near future. This Court accepted such an hourly rate in *Cavin v. Social Security Administration* and is not inclined to downwardly depart at this time. Civ. A. No. 12-1144, 2014 WL 28864 (E.D. La. Jan. 2, 2014); *see also See Dubois v. Soc. Sec. Admin.*, Civ. A. No. 13-2438, 2014 WL 6485639 (E.D. La. Nov. 18, 2014) (awarding hourly rate of $175 under the

---

[3]   In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the CPI for March 1996, the year in which the $125 EAJA rate became effective, with the CPI for the period when the services were rendered. Civ. A. No. C-08-187, 2009 WL 311312 *6, n.1 (S.D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then-current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id.*

In this suit, the CPI in March 1996 was 155.7. The CPI in September 2014 – the mid-point for the services rendered here – was 238.03. Accordingly, this reflects an increase of 52.9% (238.03-155.7/155.7).

EAJA); *Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (settling on an hourly rate of $150); *see also Thibodeaux*, 914 F. Supp. 2d at 793 (awarding hourly rate of $160 under the EAJA)*; Williams v. Astrue*, 2011 WL 5417116 (E.D. La. Oct. 14, 2011) (Knowles, M.J., adopted by Berrigan, J.) (awarding hourly rate of $160.00 under the EAJA).  Accordingly, the Court recommends an attorney-fee award in the amount of $4,725.00 (27 hours at $175.00/hour).

### III.     To Whom Defendant Shall Remit the Award

Because plaintiff here executed an assignment of the EAJA fees and expenses to her counsel, Robyn R. Griffin [Doc. #27], it appears that plaintiff's counsel asks that the Commissioner remit the award directly to her.  This Court finds that, pursuant to case law from the United States Supreme Court, the fee is payable directly to the litigant.

This issue requires little deliberation as this Court has addressed in earlier opinions under the EAJA.  In *Astrue v. Ratliff*, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States. 560 U.S. 586, 588-89 (2010).  There, the Supreme Court held that the term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney.  *Id.* at 591-92.  As Justice Sotomayor explained in her concurring opinion, "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.* at 599 (Sotomayor, J., concurring). Accordingly, the fee is payable directly to the litigant here but also governed by the contract between plaintiff and her counsel.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Petition for Attorney's Fees be GRANTED IN PART, in that the Commissioner is ordered to pay attorney's fees in the amount of $4,725.00 (27 hours at $175.00 per hour) to J.M.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of September, 2015.

_____
**DANIEL E. KNOWLES, III**
**UNITED   STATES   MAGISTRATE   JUDGE**